# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CHRIS ALLEN DODD, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. CIV-13-344-KEW ) |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security Administration, | ) ) ) ) |
| Defendant. | ) |

## OPINION AND ORDER

Plaintiff Chris Allen Dodd (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the finding of this Court that the Commissioner's decision should be and is REVERSED and REMANDED for further proceedings.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ."

42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally,* Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

2

substantial evidence; and, second, whether the correct legal standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); *see also*, Casias, 933 F.2d at 800-01.

### Claimant's Background

Claimant was born on October 2, 1962 and was 49 years old at the time of the ALJ's decision. Claimant completed his high school education. Claimant has worked in the past as an installer of underground electric and as a dump truck driver. Claimant alleges an inability to work beginning August 12, 2009 due to limitations resulting from back and leg pain, left hand/wrist problems from a

3

work-related injury.

**Procedural History**

On March 13, 2010, Claimant protectively filed for disability insurance benefits under Title II (42 U.S.C. § 401, *et seq.*) of the Social Security Act. Claimant's application was denied initially and upon reconsideration. On February 27, 2012, an administrative hearing was held before Administrative Law Judge ("ALJ") Charles Headrick in Tulsa, Oklahoma. By decision dated March 30, 2012, the ALJ denied Claimant's request for benefits. The Appeals Council denied review of the ALJ's decision on May 31, 2013. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

**Decision of the Administrative Law Judge**

The ALJ made his decision at step five of the sequential evaluation. He determined that while Claimant suffered from severe impairments, he did not meet a listing and retained the residual functional capacity ("RFC") to perform a full range of light work.

**Errors Alleged for Review**

Claimant asserts the ALJ committed error in (1) failing to find Claimant's injuries to his left hand and arm to be a severe impairment; (2) reaching an RFC which did not include all of

4

Claimant's limitations; and (3) performing an improper credibility analysis.

**Step Two Analysis**

In his decision, the ALJ found Claimant suffered from the severe impairments of remote fracture of the hips and low back pain. (Tr. 16). The ALJ determined Claimant retained the RFC to perform a full range of light work. Id.

After consultation with a vocational expert, the ALJ found Claimant could perform the representative jobs of a small products assembler and fast food worker, which the vocational expert testified existed in sufficient numbers nationally and regionally. (Tr. 21). The ALJ, therefore, concluded Claimant was not disabled. Id.

Claimant contends the ALJ failed to consider his left hand and arm injuries as a severe impairment. Since the ALJ determined Claimant suffered from other severe impairments, the sole question presented by Claimant's arguments is whether the inclusion of Claimant's left extremity problems further limited his ability to engage in basic work activities.

On January 7, 2009, Claimant underwent a procedure to the left fifth finger proximal interphalangeal joint arthroplasty utilizing small bone innovations proximal interphalangeal joint replacement

5

prosthesis and antibiotic impregnated cement. Claimant suffered from severe traumatic osteoarthritis at the proximal interphalangeal joint in the left fifth finger. The procedure was performed by Dr. Christopher Deloache. (Tr. 221). In March of 2009, Claimant still experienced pain and limited functional use of the left hand. He continued with therapy. (Tr. 238). As late as February of 2012, Claimant was noted to have weakness in the hand which caused him to drop objects and he felt tightness in his fingers. He also was developing a mass in his hand that was worsening. (Tr. 570). Dr. Brian Chalkin suspected Claimant was developing carpal tunnel syndrome. (Tr. 571).

At step two, Claimant bears the burden of showing the existence of an impairment or combination of impairments which "significantly limits [his] physical or mental ability to do basic work activities." 20 C.F.R. § 416.920(c). An impairment which warrants disability benefits is one that "results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 1382c(a)(1)(D). The severity determination for an alleged impairment is based on medical evidence alone and "does not include consideration of such factors as age, education, and work experience." Williams v. Bowen, 844 F.2d 748,

750 (10th Cir. 1988).

The burden of showing a severe impairment is "de minimis," yet the presence of a medical condition alone is not sufficient at step two. Hinkle v. Apfel, 132 F.3d 1349, 1352 (10th Cir. 1997); Soc. Sec. R. 85-28. A claimant must demonstrate he has a severe impairment that "results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 1382c(a)(1)(D).

A claimant's testimony alone is insufficient to establish a severe impairment. The requirements clearly provide:

> An individual's statement as to pain or other symptoms shall not alone be conclusive evidence of disability as defined in this section; there must be medical signs and findings, established by medically acceptable clinical or laboratory diagnostic techniques, which show the existence of a medical impairment that results from anatomical, physiological, or psychological abnormalities which could reasonably be expected to produce the pain or other symptoms alleged and which, when considered with all evidence required to be furnished under this paragraph (including statements of the individual or his physician as to the intensity and persistence of such pain or other symptoms which may reasonably be accepted as consistent with the medical signs and findings), would lead to a conclusion that the individual is under a disability. Objective medical evidence of pain or other symptoms established by medically acceptable clinical or laboratory techniques (for example, deteriorating nerve or muscle tissue) must be considered in reaching a conclusion as to whether the individual is under a disability.

42 U.S.C.A. § 423(d)(5)(A).

The functional limitations must be marked and severe that can

be expected to result in death or to last for a continuous period of not less than 12 months.  42 U.S.C. § 1382c(a)(1)(C)(i); 20 C.F.R. § 416.927(a)(1).

The effect of Claimant's hand problems is readily apparent through the vocational expert's testimony.  He stated at the hearing that if Claimant was limited to no more than occasional use of the non-dominant left hand and if it affecting his ability to handle, grasp, and grab, it would eliminate the jobs he identified as representative of those available to Claimant.  (Tr. 50). Claimant sustained his burden of establishing a severe impairment in his left hand which would affect his ability to engage in basic work activities as identified by the vocational expert.  On remand, the ALJ shall consider this additional impairment and incorporate it into his RFC analysis.

**Step Five Analysis**

Claimant also contends the ALJ should have considered his back problems and mental impairments in his RFC assessment.  Claimant indicates that he was diagnosed with mental impairments but references little in the way of functional limitations brought about by this condition.  The focus of a disability determination is on the functional consequences of a condition, not the mere diagnosis. *See e.g.* Coleman v. Chater, 58 F.3d 577, 579 (10th Cir. 1995)(the mere presence of alcoholism is not necessarily disabling, the impairment must render the claimant unable to engage in any

8

substantial gainful employment.); Higgs v. Bowen, 880 F.2d 860, 863 (6th Cir. 1988)(the mere diagnosis of arthritis says nothing about the severity of the condition), Madrid v. Astrue, 243 Fed.Appx. 387, 392 (10th Cir. 2007)(the diagnosis of a condition does not establish disability, the question is whether an impairment significantly limits the ability to work); Scull v. Apfel, 221 F.3d 1352 (10th Cir. 2000)(unpublished), 2000 WL 1028250, 1 (disability determinations turn on the functional consequences, not the causes of a claimant's condition). Claimant has failed to meet his burden of establishing that his mental impairments limit his ability to engage in basic work activities beyond the restrictions placed upon his work activity contained in the ALJ's RFC.

With regard to his back condition, Claimant testified concerning the limitations the condition places upon his ability to stand, walk, and sit. (Tr. 36-38). The analysis of this condition and any associated limitation necessarily turns upon the rejection by the ALJ of Claimant's credibility.

### Credibility Determination

The ALJ's sole evaluation of Claimant's credibility turns upon the oft-used and legally insupportable statement that Claimant's testimony is not credible "to the extent [his statements] are inconsistent with the above residual functional capacity assessment." (Tr. 18). Little additional analysis is provided.

It is well-established that "findings as to credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." Kepler v. Chater, 68 F.3d 387, 391 (10th Cir. 1995). "Credibility determinations are peculiarly in the province of the finder of fact" and, as such, will not be disturbed when supported by substantial evidence. Id.

Factors to be considered in assessing a claimant's credibility include (1) the individual's daily activities; (2) the location, duration, frequency, and intensity of the individual's pain or other symptoms; (3) factors that precipitate and aggravate the symptoms; (4) the type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms; (5) treatment, other than medication, the individual receives or has received for relief of pain or other symptoms; (6) any measures other than treatment the individual uses or has used to relieve pain or other symptoms (e.g., lying flat on his or her back, standing for 15 to 20 minutes every hour, or sleeping on a board); and (7) any other factors concerning the individual's functional limitations and restrictions due to pain or other symptoms. Soc. Sec. R. 96-7p; 1996 WL 374186, 3.

An ALJ cannot satisfy his obligation to gauge a claimant's credibility by merely making conclusory findings and must give reasons for the determination based upon specific evidence. Kepler, 68 F.3d at 391. However, it must also be noted that the

10

ALJ is not required to engage in a "formalistic factor-by-factor recitation of the evidence."  Qualls v. Apfel, 206 F.3d 1368, 1372 (10th Cir. 2000).

The ALJ's credibility analysis is scant and unsupported.  On remand, the ALJ shall reassess Claimant's credibility employing the analysis suggested in Soc. Sec. R. 96-7p.  Upon doing so, the ALJ shall also re-evaluate Claimant's back condition at step five and determine whether further functional restrictions should be included in his RFC.

## Conclusion

The decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not applied.  Therefore, this Court finds, in accordance with the fourth sentence of 42 U.S.C. § 405(g), the ruling of the Commissioner of Social Security Administration should be and is  **REVERSED and the matter REMANDED** for further proceedings consistent with this Opinion and Order.

IT IS SO ORDERED this 30th day of September, 2014.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE